**Law Offices of Lance C. Wells, P.C.**
**733 W. 4th Ave, Suite 308**
**Anchorage, Alaska 99501**
**Phone: 907/274-9696**
**Fax: 907/277-9859**
**E-mail: lwells@gci.net**
**AK # 9206045**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSE MIGUEL VASQUEZ-CRUZ, )<br>)<br>Defendant. )<br>_____) | Case No. 3:05-cr-72 RRB |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW DEFENDANT JOSE MIGUEL VASQUEZ-CRUZ by and through his attorney of record **LANCE C. WELLS** of the **LAW OFFICES OF LANCE C. WELLS, P.C.** and hereby files Defendant's Sentencing Memorandum to be utilized by this court at defendant's sentencing currently scheduled for April 24, 2006.

### I.   Facts.

Defendant was previously charged with re-entry of removed alien, in violation of 8 U.S.C. §1326(a)&(b)(2), a Class "E" felony with a penalty range of 20 years of imprisonment, $250,000 fine, a 3 year term of supervised release, and lastly, a $100 special assessment.

The defendant entered a plea of guilty without the benefit of a plea agreement to the offense charged on December 15, 2005, before the Hon. District Court Judge Sedwick.

The draft pre-sentence report, was received in this matter, reviewed via a Spanish translator with defendant, and timely objections raised. No objections were filed on behalf of the government.

It is believed that an evidentiary hearing will be necessary in order to resolve objections raised by the defendant as to the draft presence report that remain unresolved.

## II.  Objections Raised Under Draft Pre-Sentence Report.

In reviewing the draft pre-sentence report, its writer has attempted to increase the base level offense (8) by an additional 16 points by alleging the application of U.S.S.G. §2L1.2(b)(1)(A)(i). It is the position of the probation officer, over objection of the defendant, that Mr. Vasquez-Cruz was previously convicted of a drug trafficking offense for which the sentence imposed exceeded 13 months. Pursuant to U.S.S.G. §2L1.2 comment(n.1)(B)(IV), "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit

substance) with intent to manufacture, import, export, distribute, or dispense.

The probation officer alleges that the defendant was previously convicted of a "drug trafficking offense" in the State of California, Fresno County Superior Court in Case No. 98903355-6 on March 26, 1999. It should be known that, to date, even after having raised objection to the 16 point enhancement, the probation officer has not provided any copies of the probation report prepared in that matter, abstract of judgment, actual judgment issued by the California Fresno County Superior Court, plea colloquy, or any other documents which would support this 16 point enhancement. Defendant objects to this court solely relying on the probation officer's report without any supporting documentation as to its position.

The defendant acknowledges the existence of the 8 level base offense level. Without the government being able to prove to this court that the defendant was convicted of a prior "drug trafficking offense", the defendant should only receive a 4 level increase based on a conviction for any other felony. See U.S.S.G. §2L1.2(b)(1)(D). This would raise the defendant's total offense level to that of 12, less 2 points for acceptance of responsibility, would yield an adjusted offense level of 10.

The case of <u>United States of America v. Jose Luis Navidad Marcos</u>, 367 F.3d 903, states in pertinent part that an abstract

of judgment is not the judgment of conviction. It does not control if different from the trial court's oral judgment and may not add to, nor modify, the judgment it purports to digest or summarize. See People v. Mitchell, 26 P.3d 1040, 1042 (California at 2001). Preparation of the abstract of a criminal judgment in California is a clerical, not a judicial, function. People v. Rodriguez, 152 Cal. App.3d 289, 299, 199 Cal. RPTR 433 (Cal. Ct. App. 1984). In California, appellate courts routinely grant requests on appeal of the Attorney General to correct errors in the abstract of judgment. People v. Hong, 64 Cal. App. 4th 1071, 1075, 76 Cal. RPTR.2d 23 (Cal. Ct. App. 1998). Under California law, the form of the abstract of judgment is promulgated by the Judicial Counsel of California. The form simply calls for the identification of the statute of conviction and the crime, and provides a very small space in which to type the description. It does not contain information as to the criminal acts to which the defendant unequivocally admitted in a plea colloquy before the court.

    The abstract of judgment provided in initial discovery from the government, does not, and cannot, bear that evidentiary weight to show that the defendant was convicted of a prior "drug trafficking offense". The defendant, simply put, is not willing to solely rely on the probation officer's word that he has reviewed an abstract of judgment - prison commitment document,

as well as criminal minute order and commitment, which is the judgment of the court, criminal complaints, minute orders, hearing records, local police reports, and narratives included in the subsequent California probation reports--all allegedly obtained from the Fresno County Superior Court. None of these documents have been served upon counsel for the defendant. Nor has the government provided them either in on going discovery. Defendant objects to the application of this enhancement, as it has not been proven and should not be included.

### III. Criminal History Calculation.

On review of the final pre-sentence investigation report prepared in this matter, the probation officer has determined that the defendant has 9 criminal history points. That would place the defendant, according to the probation officer, into criminal history category IV. The defendant disagrees with this criminal history determination. As can be seen by paragraphs 32, 33, and 34 of the final pre-sentence report, defendant received in ¶32 an original sentence of 21 days in jail. He subsequently received 2 years of prison time concurrent with Case No. F98903355-6. In ¶33, defendant received an original sentence of 43 days in jail. He subsequently received 4 years of prison, concurrent with Case No. F98918909-3. On review of ¶34, defendant received 4 years of prison incarceration in Case No. F98918909-3. The defendant was sentenced on these three matters

on March 26, 1999. As a result of the sentencings being consolidated, defendant should not receive a 3 point enhancement for each of ¶¶32 & 33. The most defendant should receive is a 1 point enhancement for ¶¶32 & 33. It appears that the defendant would qualify for a 3 point enhancement under ¶34. This would bring defendant's criminal history to a total of 5 points, placing defendant in the middle of criminal history category III. See U.S.S.G. §4A1.2 Application n.3 which states in pertinent part:

> Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion; (B) were part of a single scheme or plan; or (C) <u>were consolidated for trial or sentencing.</u>

Surrounding ¶¶32, 33 & 34, they were consolidated for the purpose of sentencing on March 26, 1999. The defendant received a composite sentence of 4 years. Paragraphs 32 & 33 were run concurrently with no additional time imposed.

### IV. Advisory Guideline Calculations.

Under the United States Sentencing Guidelines, made advisory via the decision in <u>Booker</u> (citations omitted), the defendant has an adjusted offense level of 10, and a criminal history of 5 points, which places him within criminal history III.

Under the Advisory Guidelines, this would yield a sentencing exposure of 10 to 16 months.

### V. Mitigators.

Defendant Jose Miguel Vasquez-Cruz has submitted various mitigating factors which he requests this court consider under the now-advisory guidelines which were previously prohibited. These mitigating factors have been set forth in detail in defendant's objections to the draft pre-sentence report, and included by the probation officer in the final pre-sentence report prepared in this matter. It is the request of the defendant that he be sentenced to time served in this matter, and allowed to depart the United States, and return to his home country of Mexico.

### VI. Conclusion.

It is respectfully requested that the defendant be sentenced to time served in this matter, and allowed to immediately depart the United States, so as to return to his family in the country of Mexico.

RESPECTFULLY SUBMITTED this 17th day of April 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorney for Defendant
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
April 17th, 2006, a copy
of the foregoing was served
electronically:

Thomas Bradley, AUSA
Electronic address of record.